# SUPREME COURT.

## In the Matter of NEBENZAHL and MARKS on the complaint of TOWNSEND and YALE.

### SAME, on complaint of BLISS and ALLEN.

*Arrest — a party cannot be twice arrested — The right to arrest, both under the Code and under the Stilwell act — Code of Procedure, section 178 — Code of Civil Procedure, section 548.*

Where a party has been proceeded against and arrested and held to bail under the provisions of the Code, proceedings cannot be taken under the "Stilwell act," based substantially upon the same facts as those which were disclosed in the affidavits on which the orders of arrest were granted.

Where a defendant has been discharged from imprisonment, under an order of arrest by due course of law, he should not be rearrested and imprisoned a second time for the same cause, though in a different form of action.

*Special Term, July,* 1879.

*Mr. North,* for plaintiffs.

*A. Blumensteil,* for defendants.

LAWRENCE, *J.* — In these cases it appears that the plaintiffs, before the recovery of the judgments against the defendants, obtained orders of arrest and held the defendants to bail, and that such orders have never been vacated, and that the defendants have never been discharged or their bail exonerated (*See pages* 314 *and* 315 *of testimony*).

The judgment of Townsend and Yale was obtained on the 13th of October, 1877, and that of Bliss and Allen on the 11th of December, 1877.

The warrant for the arrest of the defendants was issued on the 13th day of November, 1878, in the case of Townsend

and Yale, and, in the case of Bliss and Allen, at or about that date. An examination of the affidavits upon which the orders of arrest and the warrants were issued, shows that the facts on which the plaintiffs proceeded in both instances were substantially the same; and that the fact that orders of arrest had been previously issued in the actions was not stated in the affidavits on which the warrants were issued.

The act of 1831, entitled "An act to abolish imprisonment for debt, and to punish fraudulent debtors" (*Laws of* 1831, *chap.* 300) was not superseded by the provisions of the Code of Procedure relative to arrest and bail (*Code of Procedure*, sec. 178; *The People ex rel. Latorre* agt. *O'Brien*, 6 *Abbott* [*N. S.*], 63).

Section 178 of the Code of Procedure provided that the act to abolish imprisonment for debt should not be affected thereby.

In section 548 of the Code of Civil Procedure, which is the substitute for section 178 of the old Code, the exception as to the act of 1831 is omitted, and it is provided that "a person shall not be arrested in a civil action or special proceeding, except as prescribed by statute." Whether this change in the phraseology of the statute was intended as a repeal of the act of 1831, it is not necessary, in the view which I take of this case, to determine. Assuming that the act of 1831 is still in full force and effect, counsel have failed to refer me to a single case in which it has been held that the creditor is entitled to both remedies. On the contrary, so far as I have been able to ascertain from an examination of the authorities, whenever the question has been touched upon, the intimation of the courts has been that, while the creditor may elect as to which of the two courses he will adopt, he cannot resort to both. In delivering the opinion of the general term of this court, in the case of *The People* agt. *Goodwin* (50 *Barb.*, 564), Mr. justice SUTHERLAND says: "Certainly there may be two processes or remedies for the same wrong or for the collection of the same debt. Certainly

two different processes, under different laws, issued by the
same judge or officer, or by different judges or officers, for
remedying the same wrong or collecting the same debt, may
be issued without being inconsistent with each other, and
without the jurisdiction or power to issue the one last issued
being at all impaired or affected by the fact that the other
had been issued; but it by no means follows that a debtor
charged with a fraudulent disposition or concealment of his
property to avoid the payment of his debt, can be arrested
and imprisoned for such fraudulent disposition or conceal-
ment at the instance of his creditors, both under the Stilwell
act and under the Code."

And in the case of *Latorre* agt. *O'Brien* (6 *Abbott P. R.*,
[*N. S.*], 66), Mr. justice WOODRUFF uses this language:
" In a more general statute, providing for the arrest not only
of a debtor but a tort-feasor, the legislature has seen fit to
authorize plaintiffs, in certain specified cases, to elect whether
to proceed under the act of 1831, by warrant and commit-
ment, or to proceed by order of arrest and bail."

In these cases the plaintiffs have made their election.
They have preferred to hold the defendants under the pro-
visions of the Code. In *Wright* agt. *Ritterman* (1 *Abbott*
[*N. S*]., 431) the general term of the supreme court says:
" It is a legal maxim that no man shall be twice arrested for
the same cause. This applies to same jurisdiction and is con-
ceded to be the general rule. We think it a safe rule, and
one that is reasonable and easy of application, that where
a defendant has been discharged from imprisonment, under
an order of arrest by due course of law, he should not be
rearrested and imprisoned a second time for the same cause,
though in a different form of action" (*See, also, Matter of
Johnson*, 7 *Robt.*, 269; *Enoch* agt. *Ernst*, 21 *How.*, 96;
*Hernandez* agt. *Carnobeli*, 10 *How.*, 433).

My conclusion, therefore, is, that as the plaintiffs have
elected to proceed under the provisions of the Code, they
cannot take proceedings under the Stilwell act, based upon

substantially the same facts as those which are disclosed in the affidavits on which the orders of arrest were granted.

If this conclusion is well founded, a consideration of the numerous other questions discussed by the learned counsel, in their elaborate briefs, is unnecessary. The defendants must be discharged.